[Cite as *State v. Hill*, 194 Ohio App.3d 93, 2011-Ohio-2019.]


COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE STATE OF OHIO, | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Appellee, | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| v. | |
| | Case No. 10CA96 |
| HILL, | |
| | |
| Appellant. | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Richland County Common
                              Pleas court, Case No. 2009CR985


JUDGMENT:                     Reversed and Remanded


DATE OF JUDGMENT ENTRY:       April 25, 2011


APPEARANCES:


     James J. Mayer Jr., Richland County Prosecuting Attorney,   and Kirsten L.
     Pscholka-Gartner, Assistant Prosecuting Attorney, for appellee.


     David Homer, for appellant.

HOFFMAN, Presiding Judge.

{¶1}    Defendant-appellant, Duane J. Hill, appeals his conviction in the Richland County Court of Common Pleas on two counts of possession of drugs with forfeiture specifications, in violation of R.C. 2925.11(A), and two counts of trafficking in drugs with forfeiture specifications, in violation of R.C. 2925.03(A)(2).  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On December 19, 2009, Officer Korey Kaufman of the Mansfield police department responded to a call of shots fired, where a woman reported that her baby had been shot by someone who had fled the area.  The dispatch indicated that two suspects were involved and specifically named Michael Martin and Nick Beem.  Upon arrival at the scene, Officer Kaufman spoke with two neighbors who reported seeing a black man in a "newer" vehicle, possibly black with four doors.  The officer looked for tracks in the snow, but found nothing.  Officer Kaufman never saw a gunshot victim while at the scene.

{¶3}    Officer Kaufman then began patrolling the area looking for a black male in a newer black vehicle.  Two or three blocks from the scene of the incident, he observed a black vehicle in a driveway with the lights on backing out into the street.  The vehicle, a black 2001 Oldsmobile Alero, had two doors.  Officer Kaufman blocked the vehicle and ordered the driver to exit the vehicle.  Upon observing the driver to be a black male, Officer Kaufman began a patdown "for my safety and the safety of the officers who were standing there with me."  Officer Kaufman knew appellant by name from an incident that

had occurred a few weeks prior. Thus, Officer Kaufman knew appellant was neither Martin nor Beem as identified in the shots-fired call.

{¶4} During the patdown, Officer Kaufman felt a golfball-sized bulge in appellant's right pocket and could feel "rocks." He testified that he immediately knew the bulge to be crack cocaine. Upon seizing the crack cocaine and continuing the patdown search, Officer Kaufman retrieved a bundle of cash from appellant's other pocket.

{¶5} The Richland County Grand Jury indicted appellant on two counts of possession of drugs with forfeiture specifications, in violation of R.C. 2925.11(A), each a felony of the fourth degree, and two counts of trafficking in drugs with forfeiture specifications, in violation of R.C. 2925.03(A)(2), each a felony of the fourth degree. Appellant was also charged with possession of a Schedule IV controlled substance, a fifth-degree felony.

{¶6} Appellant filed a motion to suppress an illegal search and seizure. Following a hearing on the motion, the trial court denied the motion. Appellant entered a plea of no contest to the charges and was sentenced to 18 months in prison. Appellant now appeals, assigning as error:

{¶7} "I. The trial court erred prejudicially by failing to grant the motion to suppress and to recognize that the search and seizure involved was unconstitutional, unreasonable and illegal."

{¶8} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial

court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583, and *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue that the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Claytor* (1993), 85 Ohio App.3d 623, 620 N.E.2d 906.

{¶9} Both the Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment and Section 14, Article I of the Ohio Constitution, prohibit the government from conducting warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *State v. Mendoza,* 10th Dist. Nos. 08AP-645 and 08AP-689, 2009 Ohio 1182, citing *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507. One of those exceptions is the rule regarding investigative stops announced in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, which provides that a police officer may stop an individual to investigate unusual behavior, even absent a prior judicial warrant or probable cause to arrest, if the officer has a reasonable, articulable suspicion that specific criminal activity may be afoot. Id.

{¶10} An officer's inchoate hunch or suspicion will not justify an investigatory

stop. Rather, justification for a particular seizure must be based upon specific and articulable facts that, taken together with the rational inferences from those facts, reasonably warrant that intrusion. The facts must be judged against an objective standard; whether the facts available to the officer at the moment of seizure or search would warrant a man of reasonable caution in the belief that the action taken was appropriate. Id. See also *State v. Grayson* (1991), 72 Ohio App.3d 283, 594 N.E.2d 651.

{¶11} Whether an investigative stop is reasonable must be determined from the totality of the circumstances that surround it. *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044. The totality of the circumstances is "to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to the events as they unfold." *State v. Andrews* (1991), 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271, citing *United States v. Hall* (C.A.D.C.1976), 525 F.2d 857, 859; *Freeman*, 64 Ohio St.2d at 295, 414 N.E.2d 1044.

{¶12} In this case, Officer Kaufman responded to the call from dispatch stating that shots had been fired in the area. There were two named suspects, Michael Martin and Nick Beem. When he arrived at the scene, he spoke with several neighbors and the 9-1-1 caller. They reported hearing four gunshots and seeing the shooter, a black male, leave the scene in a newer black vehicle, possibly with four doors. The witnesses reported seeing the driver drive down Superior toward the area of Cleveland Avenue.

{¶13} Officer Kaufman testified at the suppression hearing that he remained at the scene for approximately ten to 15 minutes before leaving in his cruiser to patrol the area for the suspect. He drove in the direction the witnesses indicated and was two to

three blocks away from the scene when he observed a two-door, 2001 black Oldsmobile Alero exiting a driveway, being driven by a black male. At the time, Officer Kaufman had only departed the scene of the shooting four or five minutes prior.

{¶14} Officer Kaufman blocked the vehicle and ordered the driver to exit. Kaufman knew appellant from a previous incident. He then conducted a patdown search, during which he found the drugs and cash.

{¶15} Upon review, we find that the stop was not justified under the totality of the facts and circumstances. The black vehicle was not a newer vehicle and had two doors, not four. Appellant was not one of the two suspects mentioned in the dispatch call. Appellant's proximity to the scene of the shooting is of little, if any, import, since he was stopped between 14 to 20 minutes after Officer Kaufman arrived at the scene of the incident. If anything, the timing may mitigate against the stop because a suspect fleeing the scene would likely be much farther away after more than 14 minutes than two to three blocks. Discounting the above discrepancies, we are left with the stop of a black man in a black car. We do not find that this reaches the necessary level of reasonable and articulable facts to support the stop.

{¶16} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings in accordance with the law and this opinion.

Judgment reversed

and cause remanded.

FARMER, and WISE, JJ., concur.